UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMEL DALLUGE,<br><br>                Plaintiff,<br>    v.<br><br>SABRINA BEES,<br><br>                Defendant. | No. C10-5945 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff Amel Dalluge is presently confined at the Clallam Bay Corrections Center.  The court has granted Plaintiff's application to proceed *in forma pauperis.*  ECF No. 6.

Presently before the court for review is Plaintiff's proposed civil rights complaint in which he purports to sue Sabrina Bees, the Clerk of District Court II of Clallam County, in Forks, Washington.  ECF No. 7.  Plaintiff complains that he submitted a "citizens complaint" for filing in the Clallam County District Court but Ms. Bees refused to file it, "citing no defects as reason but in her opinion I need to do other options."  *Id.*  In a letter dated April 22, 2010 to Plaintiff, Ms. Bees stated as follows:

> The court is in receipt of your paperwork.  From what we can tell, you are requesting charges be filed.  At this time, we must refer you to explore your resources within the institution for possible grievance matters.  Once they have been explored, you may also wish to contact the Clallam County Prosecutors office for review.

ECF No. 7, p. 5.

ORDER TO AMEND OR SHOW CAUSE- 1

Plaintiff alleges that Ms. Bees' refusal to file his complaint violated the "RICO" Act and Title 18 §§ 242 and 243 for "'obstruction of justice'; 'denying access to courts', and 'acts of war' (interfering [denying] trade and commerce and, fraud or attempt to commit fraud by collusion to deprive.)" *Id.*, p. 4.  Plaintiff requests "liquidation of all assets", "international execution by hanging", and "damages (to include all possible possible [sic] damages etc. etc."

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

ORDER TO AMEND OR SHOW CAUSE- 2

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, while the court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the court is issuing this order to show cause in order to give Plaintiff an opportunity to file a response or amend his complaint. In that regard, Plaintiff is provided the following guidance.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in

ORDER TO AMEND OR SHOW CAUSE- 3

another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to state a cause of action under § 1983.  He has failed to allege facts demonstrating how Ms. Bees' failure to file his "citizen's complaint" has resulted in a deprivation of his federal constitutional rights.  Plaintiff asserts that Ms. Bees' refusal to file the complaint is viewed internationally as "genocide," as a RICO violation, an act of war, denying access to courts, fraud or interference with trade.  These assertions are frivolous and malicious.  The assertions are completely without merit as they are unsupported in law or in fact.

Plaintiff's complaint reflects that when he attempted to file his "citizens complaint" with the Clallam County Clerk's Office, Ms. Bee referred him to the grievance system of his institution and the Clallam County Prosecutor's office.  There is no basis upon which the court may construe this allegation as having violated any federal constitutional right.

Plaintiff also requests that the court liquidate assets, put the federal government on notice, and for an "international execution by hanging."  In a letter addressed to the Court Clerk, Plaintiff states:  "Sabrina Bees is being accused of being a spy, treason, violation of the Nazi War Crime Act, and Genocide."  ECF No. 3.  Plaintiff further states that his "international allies in retaliation want to run 'Black Ops' on U.S. Soil (911 was me)." *Id.*  Plaintiff signs his name "aka Osama Bin Laden." *Id.*  This menacing, hostile and threatening language is unacceptable and will not be tolerated in this court.

If Plaintiff has a valid claim for violation of a federal constitutional right, he may file an amended complaint, setting forth all of his factual claims, causes of action, claims for relief, and

ORDER TO AMEND OR SHOW CAUSE- 4

any exhibits.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

 (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

 (2) the dates on which the conduct of each Defendant allegedly took place; and

 (3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

 Plaintiff shall present his complaint on the form provided by the court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.  The court will screen the amended complaint to determine whether it

ORDER TO AMEND OR SHOW CAUSE- 5

contains factual allegations linking each defendant to the alleged violations of plaintiff's constitutional rights. The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of plaintiff's rights.

Further, the court will not entertain future filings from the Plaintiff that contain malicious, frivolous or threatening language.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **February 18, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  20th  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6